Eastern District of Kentucky
**FILED**

SEP 2 7 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT 05-393 JMH |
| **PHYSICIANS SERVICES, P.S.C.** | ) ) ) ) ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against Physicians Services, P.S.C. ("PSP") pursuant to Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act of 1990, in order to correct PSP's unlawful employment practices on the basis of sex, disability, and retaliation, and to provide appropriate relief to Melinda Cochran ("Cochran"), Bonnie Centers ("Centers"), Fran Howard ("Howard") and Sretta Reese ("Reese"), each of whom was adversely affected by such practices. As alleged in paragraph seven below, the Commission alleges that PSP subjected Cochran to harassment because of her sex and disability, and that PSP also retaliated against Cochran, Centers, Howard and Reese when they opposed PSP's unlawful conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§107(a) and 503 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12117(a) and 12203(a), and §§ 704(a) and 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-3(a) and 2000e-5(f)(1) and (3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Lexington Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADA, and is expressly authorized to bring this action by §§ 107(a) and 503(a) of the ADA, 42 U.S.C. §§ 12117(a) and 12203(a), and §§ 704(a) and 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-3(a) and 2000e-5(f)(1) and (3).

4. Defendant, PSP, is a corporation and at all relevant times has continuously been a corporation doing business in the Commonwealth of Kentucky and the City of Lexington, and has continuously had at least 15 employees.

5. At all relevant times, PSP has been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), §101(7) of the ADA, 42 U.S.C. § 12111(7), and §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Cochran, Centers, Howard, and Reese each filed charges with the Commission alleging violations of Title VII, as amended, and Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least October 2003, Defendant engaged in unlawful employment practices at its facility in Lexington and London, Kentucky, in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), and §§ 102(a) and 503(a) of the ADA, 42 U.S.C. §§ 12112(a) and 12203(a). Defendant subjected Cochran to retaliation, constructive discharge and to harassment based on her sex and her disability, and subjected Reese, Howard and Centers to retaliatory constructive discharge for complaining about and opposing PSP's unlawful conduct.

8. The effect of the practices complained of in paragraph seven above has been to deprive Cochran, Centers, Howard, and Reese of equal employment opportunities and to otherwise adversely affect their respective status as employees of PSP.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the respective federally protected rights of Cochran, Centers, Howard and Reese.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining PSP, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and disability and sexual harassment.

B.  Order PSP to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and the disabled, and which eradicate the effects of its past and present unlawful employment practices based on sex and disability.

C.  Order PSP to make Cochran, Centers, Howard, and Reese whole by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order PSP to make Cochran, Centers, Howard, and Reese whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

E.  Order PSP to make Cochran, Centers, Howard, and Reese whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including losses resulting from any emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

F.  Order PSP to pay Cochran, Centers, Howard, and Reese punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 L Street, N.W.
Washington D.C. 20507

_/s/ Laurie A. Young_
LAURIE A. YOUNG
Regional Attorney

_/s/ Michelle Eisele_
MICHELLE EISELE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

KENNETH W. BROWN
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Louisville Area Office
600 Martin Luther King, Jr. Place
Suite 268
Louisville, Kentucky 40202-2285
(502) 582.5435 (Facsimile)